**Joseph Louis SCHYSKA, Plaintiff,**

v.

**Martin P. SHIFFLET et al., Defendants.**

**No. 73 C 939.**

United States District Court,
N. D. Illinois, E. D.

Sept. 6, 1973.

———◆———

Joseph Louis Schyska, pro se.

William J. Scott, Atty. Gen., State of Illinois by Charles H. Levad, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint for failure to state a cause of action and in the alternative for summary judgment in their favor. Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") this Court will treat the instant motion as a motion for summary judgment under Rule 56 of the FRCP.

This is an action to redress the alleged deprivation of the plaintiff's civil rights as guaranteed by the United States Constitution and protected by the Civil Rights Acts of 1870 and 1871, 42 U.S.C. § 1981 and § 1983 respectively.

The plaintiff, Joseph Louis Schyska, at the time of the complaint was an inmate of the Illinois State Penitentiary, Joliet Stateville Branch. He is presently incarcerated at the Menard Branch of the Illinois State Penitentiary.

The defendants are Captain Shifflet, Captain Pollman, Lt. Sharp, Sgt. Mack, Officers Moran, Jones and Micou. All of the defendants are employed by the

Illinois Department of Corrections and work at the Joliet Stateville Branch.

The plaintiff in the complaint alleges the following facts *inter alia:*

1. The guards' failure to afford the plaintiff protection from black gangs resulted in the beating and sexual assault of the plaintiff by gang members (Para. 8 of the complaint).

2. When warned of the potential threats to plaintiff, the guards ignored the threats and instead issued the plaintiff a violation report for threatening an officer (Paras. 7, 8, and 9 of the complaint).

3. At the disciplinary hearing on the violation report the plaintiff was severely beaten by officers named in the complaint (Paras. 10 and 11 of the complaint).

4. As a result of the beating plaintiff suffered serious injuries to his head and neck (Para. 20 of the complaint).

The plaintiff seeks declaratory and injunctive relief along with monetary damages.

The defendants in support of their motion for summary judgment contend that the plaintiff has failed to legally state a cause of action against the defendants. The defendants in support of this contention have filed the affidavits of defendant Officers Frank Moran, Micou, Sgt. Mack and Captain A. J. Pollman. Defendant Moran, in his affidavit, stated in relevant part:

"On October 30, 1972, I was working in Cell House 'B', and on that date, Officer P. Magnuson brought Joseph Louis Schyska, Joliet No. 71655, to 'B' House from the hospital. Schyska asked me to call Lieutenant T. Wheaton for him. I told him that he would have to ask Sergeant C. Marshall. At that time I was talking to Officer Magnuson as to what happened at the hospital and ·Schyska came over to me and said, 'If you're writing me up for not going to my cell, don't because I'll have you both fired.' I told him that we are not, at that time, writing a disciplinary report on him, to return to his cell, and to stop threatening officers because it was a serious violation of the rules. He then said, "That's not a threat, that's a promise.'

There were other inmates standing around, listening to the conversation as the lines were coming in and going out of the cell house. I then had Schyska to stand at the front and he again told me, 'You better call Lieutenant Wheaton.'

At no time did Schyska tell me that he was afraid of the other inmates, or that the inmates were going to attack him. If he had told me this information, that he claims he did, I would have made arrangements for him to see the captains or assistant wardens immediately."

Defendant A. J. Pollman, in his affidavit, stated in relevant part:

"On October 31, 1972, Joseph Louis Schyska, Joliet No. 71655, was summoned before the Disciplinary Committee which, on that date, was composed of Officer R. Jones, S. Trapp, Prison Counselor, and myself. After Schyska entered the office he was given a copy of the charges written by Officers P. Magnuson and F. Moran. During the time that the disciplinary reports were being read aloud to him, he folded up his copy and threw it on the floor. At this point, he struck Raymond L. Micou with his fist, who was standing beside him at that time.

All during our efforts to restrain him, he kept cursing all the officers in the institution, hollering and shouting, 'I hate any guard.' At this time, the following officers helped subdue Schyska: Lieutenant B. Sharp, Sergeant N. A. Mack, Officers R. Jones, J. Ritchie, Raymond L. Micou, Counselor Trapp, and myself. At no time

did I see any of the officers present kick Schyska in the head or on the body, and only such restraint was used as was necessary to subdue Schyska and to protect ourselves. He was finally restrained, and after being placed in a strip cell, the doctor was called to the Isolation Unit. He was then examined by the doctor and X-rays were taken. The doctor informed me that there was discoloration of the left upper eyelid and abrasions of the left forehead, that his medical condition was good, and there were no fractures.

The original disciplinary reports, that were written by Officers Moran and Magnuson, were not of a real serious nature, and why the sudden outburst of anger and his unprovoked attack upon Officer Micou, is unexplainable. Schyska, by his own actions, caused the disturbance and made the charge a serious one after his attack on the officers."

Defendant Micou, in his affidavit, states in relevant part:

"Part of my duties are that, when an inmate is brought to Isolation and goes into the room before the Disciplinary Committee, I go in with the inmate and stay throughout the hearing.

When Captain A. J. Pollman, the Disciplinary Captain, started reading the disciplinary report to Joseph Louis Schyska, Joliet No. 71655, his copy of the report was given to him by me, and at the time, Schyska folded his copy and threw it on the floor, saying [a profanity]. At that time, he reached to open the door and I pushed the door back together; that is when Schyska hit me on my left cheek with his fist. I was temporarily stunned and my teeth were bleeding. I assisted the other officers in the room in subduing Schyska. I heard him hollering at us all 'I hate all guards,' and he kept cursing us.

"I deny that I used any excessive force to subdue Schyska, and I was only protecting myself and the other officers from Schyska's attack.

I deny that I wantonly kicked Schyska or beat him on the head or body."

Defendant Mack, in his affidavit, states in relevant part:

"I was present when Joseph Louis Schyska, Joliet No. 71655, caused a disturbance in the office of the Disciplinary Committee. I helped subdue Schyska, and at no time was any unnecessary force used. I did not see Officer Raymond L. Micou kick Schyska, and when Schyska was finally subdued, he was carried to the rear of the Isolation Building where he was stripped of his clothes, searched, and placed in a stripped cell."

The plaintiff, contrary to the requirements of Rule 56(e) of the FRCP has failed to support his contentions with affidavits and rests merely on the allegations of the complaint.

It is the opinion of this Court after examining the relevant pleadings and affidavits that the plaintiff has failed to state a claim upon which relief can be granted, and thus this Court should grant summary judgment in favor of the defendants.

## I. PRISON OFFICIALS ARE NOT LIABLE UNDER 42 U.S.C. § 1981 or § 1983 TO A PRISONER FOR INJURY INFLICTED BY A FELLOW INMATE.

As a matter of law the plaintiff's claim that the guards' failure to prevent and protect him from beatings by his fellow inmates fails to state a deprivation of his constitutional rights sufficient to rise to the level of a violation of the Civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 or 1983.

See Gutierrez v. Department of Public Safety et al., 479 F.2d 701 (7th Cir., 1973).

As the Seventh Circuit stated in *Gutierrez:*

> "The legal question which is presented is whether the acceptance of the foreseeable risks of violence which are involved in a decision to permit a potentially dangerous inmate to associate with the general population subjects a corrections officer to § 1983 liability when such violence actually ensues. . . . [P]laintiff has alleged that an erroneous decision was made; even assuming that error is attributable to negligence, in our opinion that allegation is insufficient to describe a violation of the Eighth Amendment. Even under the broad standard enunciated in Haines v. Kerner [404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652], it appears beyond doubt that plaintiff cannot recover damages under § 1983."

It is indigenous to the prison situation that "dangerous" inmates are allowed to associate with the general population, including in this case the plaintiff. Under the Illinois Department of Corrections' Administrative Regulations, Section 807, a prisoner can request to be put in segregation for his own protection. Plaintiff could have requested to be put in segregation, but he did not. Plaintiff alleges that he had reported to one of the guards that there was a possibility of harm from other inmates. However, the uncontradicted affidavit of Officer Moran states that the plaintiff did not so notify the guards.

■ Further, it appears that even if plaintiff had so complained to the guards of his alleged danger, prison officials are not required to separate prisoners when no real danger has been demonstrated. Thus, the plaintiff has failed to state a claim upon which relief can be granted. Gutierrez v. Department of Public Safety et al., *supra.*

## II. THE PLAINTIFF HAS FAILED TO ADEQUATELY STATE A CLAIM BASED ON HIS ALLEGED BEATING BY GUARDS.

■ The plaintiff contends in the complaint that he was severely beaten by the defendants at the disciplinary hearing held on October 31, 1972. The plaintiff in the complaint admits that his conduct at the disciplinary hearing was less than gentlemanly. The officers present at the incident have stated in their affidavits that the plaintiff struck an officer with his fist and was subdued without the use of unnecessary force. None of the officers present at the hearing saw anyone kick plaintiff and the only force used was that required to keep plaintiff under control. The plaintiff has failed to contradict the defendants' affidavits as required by Rule 56(e) of the FRCP. Further, such force appears to be reasonable and proper when necessitated by the violent behavior of the inmate himself. See Section 214 of the Administrative Regulations of the Illinois Department of Corrections and Chapter 38, §§ 7–1 and 7–9(b) of the Illinois Revised Statutes. Thus the plaintiff has failed to state a claim under the Civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983 respectively, upon which relief can be granted,

Accordingly, it is hereby ordered that defendants' motion for summary judgment in their favor is granted and the cause is dismissed.